little different in that the court tried to overlay some specific requirements upon the prisoners litigation here you've got a different situation you've got the prison itself setting up guidelines for for what needs to be done in order to properly assert the claim and exhaust your remedies what do you make of that difference your honor you are correct the first part of Ross overruled these circuits holding that there were some special circumstances or that could justify a suit going forward even if things weren't exhausted but the court was firm that the PLRA does contain in the statute its own availability limitation and that that limitation has real content and that's the part of Ross that remanded for the lower courts to do more fact-finding so that the prisoner didn't take the first step admittedly didn't take the first step but there was evidence in the record that even had he done so it would have been futile based on what the prison would have done down the road and so the court remade excuse me remanded for further fact-finding because if taking that first step would have been futile then administrative relief on the whole was unavailable and there's no duty to exhaust and the prisoner's suit cannot be dismissed notwithstanding his undisputed failure to take that first step suppose that sergeant Perry had not miss misled your and all you had in the record before us was the fact that your client hadn't named the two other defendants would we allow the suit to go forward if if the relief was available your honor if sergeant Perry had it was the answer to your question is yes the suit should still go forward the reason is setting sergeant Perry's misrepresentation to the side for the moment defendants arguments about who should have been named on that or who should have been named rely on two documents first the written 18 page written policy and then second to grievance form the evidence in this case shows that mr. Townsend despite his efforts didn't have access to the written policy so I think we set that to the side the question then becomes what is required by the grievance form alone taking a look at that grievance form it's in the joint appendix 69 the first thing I'll note about the form itself is that it says nothing contrary to what sergeant Perry said it doesn't say go to step 2 if you don't get a response in fact it says all complaints should be handled informally first but getting to this issue about who should be named it says be brief in bold uppercase underlined letters and be specific as to the name of quote personnel involved now your honor that is the same exact language that was on the forum in the Burns case and as we pointed out in both of our briefs this court did not impose a strict name all future civil defendants rule as we pointed out it's also very similar to the language that was on the forum or at issue in the Jones case where the Supreme Court said that Michigan doesn't have a strict name all future civil why should we ignore it you know that the purpose of this is so that the prison can try to fix it itself you know so you don't have to necessarily have litigation why should we ignore a the prisoner maybe not named specifically but at least give enough facts so that the person can figure out who is involved so that they can rectify the situation why should we ignore that your honor we are not asking this court to ignore that we are asking this court to enforce that specifically the mr. Townsend did his complaint is about the water treatment job if being unsafe and him not having safety equipment the prison doesn't need any more information from mr. Townsend to investigate that his allegations in this lawsuit are that the people he's named as defendants had some authority to look at the safety equipment had some authority over the safety equipment in that job he gave the prison everything it needed to know interpreting the form I think we're not asking you to overlook it we are asking you to interpret it in light of the context of the PLRA which as your honor says is to let the prison do an investigation in the context of the limited language on the forum as the in the context of prisons generally and I think in that context it becomes clear that the quote personnel involved is a separate inquiry from who are all of the people at the end of the day who might be liable one last question on this line of inquiry which is does the fact that that your client named a particular individual but then omitted two others is that problematic would in other words your argument might be stronger if none of the three were named if there were simply a complaint and the water treatment is is is not safe and therefore we need to rectify it but here your client named one individual and then named two others is that a problem I don't think so your honor the substance of my clients complaint is the water treatment job and the safety attendant and I think the prison had everything it needed he gave some specific example or gave a specific example and named a specific person but extra information or that information I don't think changes the fact that the prison had everything it needed to have if I may I think I could illustrate best with an example about what's required here suppose a prisoner is punched by a guard and he knows the guards name of course the prisoner puts down the guards name on his grievance form maybe the prisoner even knows that that guard has punched other prisoners in the past and might suspect that he wasn't adequately disciplined but the prisoner does not know the names of the higher-level officials who had authority to discipline the guard and didn't do so and the prisoners not a lawyer so he also doesn't know there might be valid legal theories under which those higher-level officials could be held liable for their own willful blindness this court should not interpret the very brief language on the grievance form to mean that prisoners have to first learn the law so they know the valid legal theories then find out the names of all the higher-level officials who might fall under one of those theories do so all within 15 days and importantly do so without any discovery mechanism that is an unreasonable way to read that very limited language on the form I think the better way to read it consisted with burns is what district courts are doing in this circuit and that is the prisoner must provide sufficient information so a reasonable investigation and that includes naming anyone who was directly involved with the prisoner whose identity is necessary for that investigation that for example your honor is what the district court did in the Axelson case we talked about in our reply brief rejecting the magistrate judge's recommendation if I may back up for a second to first the written policy as I said mr. Townsend didn't have access to it from time to time defendants say well there was no evidence of that but mr. Townsend sworn affidavit is of course competent summary judgment evidence defendants on motions were based on sworn affidavits that they count as evidence from from prison officials and for prisoners and so viewing that evidence in the light most favorable to mr. Townsend and taking the right inferences defendants would ask this court to hold that prisoners are required to go through every step of a can't read they don't have access to just because it's written down somewhere that would be inconsistent with Ross recall Ross said the availability has real content and is aimed at what prisoners ordinary prisoners could do practically speaking it would also be inconsistent with this court's sister circuits the 11th Circuit of Gobert I think was the most blunt it said the reason there is no support for that argument is that it makes no sense prisons cannot cover up all their rules until after they're sued then uncover them and claim remedies were available all along backing up one step even further to sergeant Perry if I may sergeant Perry as I said there's no dispute about the fact that he was misled there's also hasn't been any dispute about the legal consequence of that as I said Ross's outcome shows you don't go back and pick at individual steps of the process the way Ross described its rule is further further support for that it said administrative remedies are unavailable when the administrative process operates as a simple dead end meaning that prison officials are consistently unwilling to provide relief all that says is that none of the steps you're not prevented from taking any one of the steps but if relief at the end of the day is unavailable then there is no exhaustion to defendants would impose the opposite rule that even if it operates as a simple dead end well we're gonna go back and look and see if there was a flaw in the individual step that would eviscerate that entire category of Ross and I think that means that that rule would be inconsistent in this court should not how do you know ex-ante that it's a dead end if you don't even file the first level claim well your honor for example that relief wouldn't have been granted or some accommodation wouldn't have been made so your honor this would happen after a lawsuit is defendants bear the burden of proof on exhaustion and discovery is taken and so for example that's exactly what happened to Ross he didn't take that first step but evidence was found out in discovery and it was a deuce that the Supreme Court said look we see evidence of the record that even though he didn't take that first step it may have been futile in mr. Townsend's case we we see what happened that they enjoyed appendix 159 there was a response that was written to his informal grievance but it was never given to him until he filed this suit we also know about sergeant Perry's misrepresentations so we know what would have happened we know that remedies were unavailable regardless of whose names were on that slip at the first step well we know that they didn't find any merit to his first level grievance against the one who was named Murphy I don't think that's correct your honor what happened was that he was misled by sergeant Perry and then waited too long according to them and so when he did file that formal grievance it was not addressed on the merits it was rejected administratively as untimely he promptly appealed on the same thing it was not addressed they never found that it doesn't have merits in fact a joint appendix 159 you can see that initial response to the informal grievance and it says we're ordering some gas masks essentially saying you know what there should have been some safety equipment for the water treatment job but but he wasn't given that response so I think step one was not available well he wasn't given it but did the order they took the action of ordering the gas mask your honor whether they actually placed the order is not in the record what's in the record is the response that was written and not turned over until civil discovery before I sit down I have a question about about sergeant Perry it appears that this came up this explanation that involves sergeant Perry's alleged statement came up in response to the motion for summary judgment that's the first time anybody heard anything about this that's correct your honor and the magistrate judge took note of that and found it significant that it was not asserted or mentioned by mr. Townsend until if the the exhaustion question was raised in the lawsuit what about that isn't that a significant matter that he didn't at the time realizing that that he was late realizing that he had been misled wouldn't it wouldn't it follow that he would explain that in his filing no your I don't believe the record supports that at Joint Appendix 68 you can see the response where they tell mr. Townsend his grievances untimely it is a form a template form there's no explanation they don't give him a copy of the procedure they don't say it's because you have to move on to the next step if you don't get a response it just checks a box that says untimely mr. Townsend's response is appropriate he says nothing I did was untimely I never got a response it was the prison furthermore he's not looking for a get out of exhaustion free card he says exactly what he wants all I want is for my grievance to be responded to and addressed I think that was an entirely appropriate response also the magistrate judge his order was on summary judgment and I think this is an issue of law as defendants briefs have conceded it's summary judgment so so when he was when he received this form it says you're untimely what did he do he promptly appealed I think it's within two days he writes it's a single form they check a box that says untimely no other explanation at the bottom his response is the most substantive he says I was absolutely not untimely it's the prison that was untimely I never got a response all I want is for it to be addressed and responded to and he appeals he does that explanation that you just described why he didn't include reference to to his conversation with sergeant Perry absolutely your honor the point is that the prison did not tell him the bases under the administrative policy remember he doesn't have the written document so he doesn't even know that sergeant Perry was wrong at this point they tell him untimely but they don't say sergeant Perry was wrong about waiting they just say untimely sergeant Perry told him to wait he did what he was told to do and then without any explanation without any citation to the provision that giving him a copy they say untimely there was no reason at that point to bring up sergeant Perry's misrepresentation if I may the evidence on sergeant Perry's misrepresentation is unrebutted mr. Townsend submitted his affidavit defendant Murphy didn't even file a reply brief the other defendants did but didn't address it there's no affidavit from sergeant Perry in the record the NLRB versus MCI case we cited says that you know when you've got a party that you control and you don't submit an affidavit there's a negative inference to be drawn there against the prison and there's simply no evidence in the record that sergeant Perry did anything but exactly what mr. Townsend said he did all right a time is expired thank you for your argument and we'll hear now from the Apple ease mr. mr. Hearst you're gonna proceed first go ahead thank our man please the court you know I am Justin Hurston here representing the individual defendant Terry Murphy as the court noted a minute ago excuse me this is the one individual want the one prison guard at the Arkansas Department of Corrections that was named in the grievance by mr. Townsend and I will submit to the court apologize that mr. Murphy's argument basically hinges on those exceptions in Ross the three exceptions explained by the court in Ross that the court alluded discussed to it a minute ago was the dead-end exception whether it was there was a dead end whether it was opaque or confusing and then whether the inmate was thwarted somehow from the grievance process I submit there's been no evidence in any brief filed by the defendant of this dead-end exception there's the process laid out by the Arkansas Department of Corrections they provide the correct forms mr. Townsend used the correct forms in his grievance process there's been no indication declarations of any kind of dead-end element or proof with the Arkansas Department of Corrections in mr. Townsend's grievance on that same line your honors it's the grievance process was clearly laid out in the administrative directive the ad by the Arkansas Department of Corrections of how to do it when to do it the time frames to do it yeah it even says he didn't have access to that because it was in the library and you say there's no evidence that he asked to go to the saying he did ask to go to the library and wasn't allowed what why do you say there's no evidence that he sought to go to the library well he does say that in his affidavit he has provided as the district court has alluded to its order her as reference in this order he's provided no documentation no he references in his declaration that he made evident isn't that evidence what did you mean when you said there's no evidence that is evidence meaning there's no other corroborating evidence I guess I should have cared I guess you should have yeah because if his evidence if his declarations believed then that's sufficient evidence that's correct you're probably okay and what I was looking I apologize for me speaking on that was there is no he does reference that he's made numerous attempts well does he need corroboration to get by summary judgment or is the is his affidavit sufficient at the summary judgment level is affidavit would be sufficient I don't know where the manual gets you well I thought they had I thought prisoners had to sign for sign something when they go into the ADC acknowledging their receipt of the policies and the time frames and all of that am I mistaken on that no you're not your honor and that is a joint appendix 181 which was in July of 2012 when the defendant mr. Townsend went into the Arkansas Department of Corrections he did acknowledge by his signature that he had received a thorough orientation he was aware of the procedures he was aware of the rules and the processes of the Arkansas Department of Corrections his again joint penance when I want his signature with his dates acknowledging receipt of that information which again is the administrative directive laying out you mean you expect him to memorize that whole manual so that if four years later a claim comes up he knows what to do no you know what that means no we're not thorough orientation was that he read this thick manual and committed it to memory no I'm not not proposing he should be able to go look it up if he ever has a occasion to trigger the procedure but is that the way it works it is your honor and his action well I thought that's where we were but his point is I tried to look it up and I couldn't get access corrected that's it that is what he states I think his actions your honor he fills out the correct grievance form his actions tend to lead to show or give weight that he knows what to do and when to do it again he meets the correct 15 day time period he even acknowledged that in his declaration which is joint appendix 130 I know he knew that part but his point is I didn't know when Perry told me to wait that the manual says basically not to listen to him and to proceed anyway correct but so where are we on that well mr. Perry I mean sergeant Perry's misinformation to him I don't believe thwarts the process because he did understand it back to knowing what was in or the orientation he under he had the opportunity to ask questions he was informed of this he and he began to follow those rules and regulations and he met them up until he didn't file step two in a timely manner manual issued by the way do you know the timing on that I apologize your honor I could a manual that was in the library that he couldn't he says he couldn't get access to what was the date of that publication you know of the administrative director 2014 your honor so what is it significant that his orientation was in 2012 the one that you referred to on joint appendix 181 I don't think so your honor manual was published two years later doesn't it follow that he couldn't have been oriented about it in 2012 well the manual the directive indicates that if active excuse a directive indicates within its four corners that any changes in the directive will be posted where employees and inmates can see them on the correct court board or board within the Arkansas Department of Corrections so from 2012 to 2014 had there been changes they would have been which there weren't there's none in the record excuse me those would be clearly posted for both reporters or again inmates and guards why isn't he just entitled regardless of whether he had access to the manual to be able to rely on what sergeant Perry said sergeant Perry says it's undisputed I think you know that you know you got to wait till you get a response and you know why isn't that sufficient by itself it's powerful your honor I'm acknowledge that and knowledge about my Achilles heel in this matter is that statement so but I would submit again and I'm not trying to talk in circles but the fact that he did comply up until he needed to file step two of the grievance which was in that six-day period he he knew what to do he knew what what forms to fill out in and when to file those so and I think that what if somebody told him don't file the first one I don't know I mean it's totally different nobody told him not to proceed with step one right I mean yes your honor I mean so they'll and he knew to do that though is where I think we are mr. Murphy's position is that he knew that process well even if he knew the process when when when somebody who's sort of above him he's an inmate and he has his his his person that's assigned to him who's a employee of the prison system hey essentially I know the rules you you know you don't need to you don't need to do anything right now I mean that's pretty persuasive evidence that he doesn't have some sort of independent obligation to corroborate that to go make sure that the person who should know actually does know what they're talking about in that right very good argument very good point yes your honor and I can't stand here and argue that where what he should have done at that point other than to go with his knowledge that he had up to that point but the steps that he chose which by the mere fact of him filing step two albeit late again indicates he knew that he needed to file step two now the fact he's hanging his head on sergeant Perry's his argument excuse me on sergeant Perry's statements again it's just adverse to his actions of what what he did the course the track that he took well I don't get an answer from sergeant Perry so I now know to go file step two the his own declaration doesn't indicate that Perry told him wait go file at this date he knows to go file it and that's what he does there are the other argument I may have to yield my times I want pose their co-counsel to address the other two inmates your honor but there were other issues of in my in our brief that claims not brought up in the grievance were also filed in the complaint before the before the district court and by the Arkansas Department in looking at Ross and the PLRA it's indicated clear that the Arkansas Department of Corrections procedures guide what is supposed to be addressed and what is not what can be filed or what can be fully exhausted so you're saying even if even if we remand this to Murphy it should only be as to certain claims to the club to the claim that was exhausted or attempted to be exhausted all right what what were the claims that you say were added in there's days suit that weren't in the grievance their date you're in the grievance he alleges that March 23 he was subject all you mean the two dates is that your point right 23 and 25 we don't know what the other correct they're different dates of different allegations the March 23 is the chlorine gas subjected being chlorine gas of turning off valves and in this certain room and then he pleads another another date of another allegation which was obviously denied but no and your honor I'd yield to my name all right very well mr. Hearst thank you for your argument mr. James we'll hear from you good morning your honors I'm Robert James and I'm the assistant attorney general with the Arkansas Attorney General's office I represent the separate a police Richard bromine officer Romine and Warden David white in this case as to my clients this is a straightforward case the prisoner filed a step one grievance and he identified officer Murphy he did not identify officer Romine or that Warden white the prisoner knew how to file step one grievance because he had filed one against Murphy and so when he filed the the form the form clearly says on the form that you name all personnel with the incident and that was not done in this case he knew the prisoner knew at the time when he filed the grievance that mr. Romine was involved in the incident and that can be seen at the ja 18 in the appendix where the amended complaint states that which was filed on the the grievance was filed on the 25th and the incident happened on the 24th basically he states in the complaint that he knew that that Richard Romine was involved with the chemical incident and so he knew on the day before he filed a grievance that mr. Romine officer Romine was involved in the case and that goes as well for the warden yeah on the day that the incident happened officer Romine knew that the warden was David white and he did not file his grievance against warden white even though he knew that he was the warden and that and that he because he alleged that why isn't it enough that it that you know you know the nature of the claim you know who's in the chain of command and you know that the warden has the ability to change it and so why isn't it sufficient to put the warden at notice that that this particular complaint could be directed at him he didn't state the warden in in the grievance and therefore the warden was not involved because the personnel that are involved are supposed to be named in the on the form well suppose suppose you have a situation where somebody's injured and you know that there's three three or four prison employees but you know there's an injury that's involved you only named two of them you don't know who the other two are so you don't specifically name them as is that it you only get to bring the claim against the two even though you know the two other people are involved but you can't name them well you have 15 days to file a grievance however in this case if we don't get to that point because there's no reference to a warden or to any other supervisor or any other worker or but I don't know the supervisor's name would that be good enough then to sue Romine later well that's that's closer to identifying but in this case there wasn't in this case I wouldn't that be enough it would not be enough I mean it might in that case be enough yeah because at least he'd be trying to identify the person right knows to exist and thinks responsible even though he correct but at JA 69 it clearly does not refer to another employee of the ADC so in this case if if if the prisoner had said I'm complaining against against Murphy and two other individuals would that have been enough or would they need a would he had needed to at least identify them as supervisors in this case well there but a reference would be I mean prefer to have a reference to someone else another employee but in our case there is no reference so that wouldn't apply to this case and I would direct a course attention to burns the Eden that is cited in our case we feel that the burns be eaten is directly on point with this case there in this court stated that a defendant needed to be named in a grievance before before a section 1983 case can be brought what's your response to opposing counsel's argument on Ross that Ross controls here and that a specific naming requirement is sort of invalid well Ross doesn't apply because there was not a grievance filed in the situation and the other one there was a grievance procedure that wasn't followed and we feel like the unavailability it does not apply to our clients because they were named we're not named it to begin with and the prisoner knew how to file grievance because he filed one against Murphy you know I will ask the court to affirm the district judges granting of some does it matter that he never got a response on the grievance to Murphy I thought maybe that was part of the argument this morning that because there was no response to the Murphy first level grievance well it doesn't really matter whether anybody exhausted because the process wasn't capable of giving any kind of response right well under ADC policy and in the form grievance form itself it says that the personnel involved has to be identified therefore they were never identified therefore the step one was not taken against my clients well okay I understand that it was whether you have to follow step one at all if the record suggests that there's no response to step one forthcoming because step one is therefore basically I think he was arguing it's a feudal process right well the step one was never taken against my clients well but but it was taken against Murphy and what happened there well in regards to Murphy you know that doesn't apply to our case okay well thank you for your argument go ahead judge just one question I noticed you didn't touch on and in the briefing you didn't touch on this question about sergeant Perry and the fact that that's raised in the in an affidavit in response to the motion for summary judgment well there's no corroborate do you have a position well our position is that there's no corroborating evidence other than the affidavit of the prisoner in that regard well we know that's what the record is but what's the legal significance well the legal significance is that it would not apply to our case I all your eggs are in the basket of your clients weren't named we're asking the court to affirm the summary judgment as to Richard Roman and David White we know you're asking for the affirmance we were just wondering go ahead well does the does the Attorney General of Arkansas have a position as to why the affidavit in response to the motion for summary judgment in which mr. Townsend says he was misled by sergeant Perry why that was not responded to in some way there is that was not part of our issue of our of our brief we did not address the availability because we didn't get to that point so why I was just why is Murphy not represented by the Attorney General he he retained separate counsel all right thank you for your honor I think your time expired mr. Balthuson I think we understood I think we understand the case we'll submit the arguments presented thank you all three for your presentations and we'll file an opinion in due course